IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA GUIVOANA ATLAS                                                    PLAINTIFF

vs.                                    CASE NO. 4:08CV02500 HLJ

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge J. Leon Holmes.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven (11)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District Judge (if

such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

On September 12, 2008, Sheila Guivoana Atlas, filed a *pro se* discrimination complaint against her former employer, Equal Employment Opportunity Commission (EEOC). (DE # 2) Pending before the court is Defendant's Motion for Summary Judgment. (DE #11) At issue is whether Atlas exhausted administrative remedies available to federal employees before bringing her claims. The court concludes that she did not, and it therefore grants Defendant's motion.

Atlas is a former employee of the EEOC, Memphis District, which includes the Nashville, Tennessee, and Little Rock, Arkansas area offices. On March 27, 2008, she

resigned from her employment as a federal investigator.  Atlas alleges she was subjected to discrimination and retaliation because of race and gender, in violation of Title VII of the Civil Rights Act of 1967, and disability, in violation of the Americans with Disability Act (ADA). This discrimination, she states, resulted from her reporting to upper management that she was sodomized and raped on July 7, 2003.  The Complaint alleges Atlas was forced to resign because her work environment was unendurable, and the ongoing workplace bullying by upper management drove her to attempt to commit suicide.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party "bears the initial responsibility of informing the district court of the basis of its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A federal employee who wishes to sue the United States for employment discrimination must exhaust available administrative remedies as a precondition to filing a civil action in the federal district court.  *See Brown v. General Services Admin.*, 425 U.S. 820, 835 (1976); *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003); *McAlister v. Secretary of Dep't of Health and Human Serv*s., 900 F.2d 157, 158 (8th Cir. 1990).  Among such remedies is an EEOC regulation mandating that the aggrieved employee initiate contact with "a Counselor ... in order to try to informally resolve the matter" within forty-five (45) days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1); *Nygren v. Ashcroft*, 109 Fed. Appx. 816, 819 (8th Cir. 2004).  Although the regulation does not define the term "initiate contact," the Eighth Circuit defers to the EEOC's decisions that interpret it to require the employee to "contact an agency official logically connected to the EEO process and exhibit an intent to begin the EEO process."  *See id.*  Failure to exhaust administrative remedies bars a plaintiff from raising the Title VII claims in federal court.  *Brown*, 425 U.S. at 832;  *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007).

It is undisputed that Plaintiff did not contact an EEO counselor within forty-five (45) days of the effective date of her resignation.  Although she did initiate the EEO complaint process on unrelated matters on two occasions, September 11, 1989, and May 17, 1990, and alleged discrimination, those complaints were nevertheless withdrawn shortly after being filed. (DE# 12, Exhibit 1, Declaration of Jean Watson)  Furthermore, Plaintiff's allegations do not constitute a "continuing violations claim."  *See Wedow v. City of Kansas City,*

*Missouri*, 442 F.3d 661, 674 (8th Cir. 2006) (allegations of continuous discrimination are not limited to one, singular incident on a specific day).  The Court finds that Plaintiff did not comply with EEOC regulations and timely exhaust all administrative remedies because she did not comply with 29 C.F.R. § 1614.105(a) and contact an EEO counselor within forty-five (45) days of the event.  Therefore, she has not exhausted her administrative remedies with respect to her allegations of illegal discrimination, and Defendant's motion for summary judgment as to this claim will be granted.

Plaintiff also alleges that her employer discriminated against her on the basis of a disability in violation of the ADA.  Although not specifically addressed by the Defendant, the undersigned will, out of an abundance of caution, address Plaintiff's allegations to the extent they may be construed to raise a cognizable claim.[1]

As a federal employee, Plaintiff is unable to obtain relief under the ADA against the United States on her claim of disability discrimination because the term "employer," does not include "the United States or a corporation wholly owned by the government of the United States."  *See* 42 U.S.C. § 12111(5)(B)(i). A suit against a federal agency or against an officer of a federal agency in his or her official capacity constitutes a suit against the United States and is not permitted under the ADA.  *See County of St. Louis v. Thomas*, 967 F. Supp. 370,

---

[1]The undersigned is mindful that Plaintiff is not represented by counsel in these proceedings.  As such, Plaintiff's Complaint is entitled to the liberal construction generally accorded *pro se* pleadings.  *See Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006); *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

376 (D. Minn., 1997) (the ADA does not provide a cause of action against the federal government and plaintiffs' claim must be dismissed because the ADA does not contain an explicit, unequivocal waiver of sovereign immunity and because "such a waiver cannot be implied[.]").  Instead, a federal employee must pursue an employment disability claim under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.  *Lewis v. Johanns*, 18 Fed. Appx. 599, 601 (8th Cir. 2006).  Because the federal defendant is immune from suit under the ADA, the Complaint must be dismissed for lack of subject matter jurisdiction with respect to any claim made against it on that basis. *See South Dakota Farm Bureau v. Hazeltine*, 340 F.3d 583, 590 (8th Cir. 2003) (we "are under an independent obligation to examine [our] own jurisdiction[.]" (citing *FW/PBS*, *Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).[2]

### III.  Conclusion

For the foregoing reasons, the Court concludes Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies.  Defendant's motion for summary judgment is granted.

**IT IS SO ORDERED** this 29th day of June.

*Henry L. Jones, Jr.*

United States Magistrate Judge

---

[2]Were the Court to liberally construe Plaintiff's pleading to include a cognizable disability-discrimination claim under the Rehabilitation Act, the claim would nonetheless fail because Plaintiff was still required to exhaust available administrative remedies before the court could exercise jurisdiction.  *See Hargens v. U.S. Dep't of Agric*., 865 F. Supp. 1314 (N.D. Iowa 1994) ("The 1978 amendments to the Rehabilitation Act also incorporated by reference the provisions of § 717 of Title VII, 42 U.S.C. § 2000e-16, as the exclusive vehicle for judicial remedy of claims of discrimination in federal employment.")